# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3156 | **DATE** | 4/28/2003 |
| **CASE TITLE** | Meeks vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petition to Vacate, Set asside, or Correct Sentence Pursuant to 28 U.S.C. § 2255

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]  Before the court is Robert Meeks' petition to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. For the reasons stated on the attached order, the petition is denied. |
| (11) | ☐ | [For further detail see order (on reverse side of/attached to) the original minute order.] |

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | G·\ | 38 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

Robert Meeks,  )  No. 01 C 3156
            )
    Petitioner,  )
            )
            )
v.          )  Judge Charles R. Norgle, Sr.
            )
United States of America,  )
            )
    Respondent.  )

## OPINION AND ORDER

CHARLES RONALD NORGLE, Judge.

Before the court is Robert Meeks' petition to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

## I. BACKGROUND

In the criminal matter underlying the present § 2255 petition, Meeks, a civilian, and his Co-Defendants, members of the Chicago Police Department, concocted and carried out a scheme of tracking down drug dealers and robbing them of money and drugs, rather than arresting them. Meeks was indicted on numerous charges arising out of this criminal enterprise, including violations of the Hobbs Act, 18 U.S.C. § 1951, charges relating to the use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), a charge of conspiring to deprive others of civil rights under color of law in violation of 18 U.S.C. § 241, and a charge of possession of drugs with intent to deliver in violation of 21 U.S.C. § 841(a)(1).

1

After a lengthy trial, a jury convicted Meeks and his Co-Defendants on all counts. Meeks appealed his conviction, arguing, *inter alia* : (1) an order granting severance should have been entered by the district court; (2) the evidence at trial did not establish a sufficient connection between the acts of the Defendants and interstate commerce, as required by the Hobbs Act; and (3) his sentence was improperly calculated. The Seventh Circuit affirmed the conviction, but remanded the case for the limited purpose of recalculating Meeks' sentence, as the Seventh Circuit was uncertain from the record whether one robbery, the Kudaisi robbery, was considered in the calculation of Meeks' sentence. See United States v. Meachum, 182 F.3d 923, 1999 WL 511431, at * 7 (7th Cir. 1999) (unpublished opinion). On remand, the court clarified that the Kudaisi robbery was not considered in the calculation of Meeks' sentence, thus the sentence remained. Meeks filed a second appeal, again arguing that his sentence was improperly calculated. The Seventh Circuit affirmed Meeks' conviction and sentence, indicating: "The district court did exactly as instructed. It reviewed all appropriate sentencing factors while disregarding the Kudaisi robbery, concluded that the sentencing ranges were not affected, and ordered Meeks' sentence to stand." United States v. Meeks, 215 F.3d 1331, 2000 WL 748116, at * 1 (7th Cir. 2000) (unpublished opinion).

Meeks now seeks § 2255 relief, raising numerous issues that overlap each other, and that generally recapitulate arguments made on his appeals. The court is to liberally construe a prisoner's *pro se* petition, see Haines v. Kerner, 404 U.S. 519, 520 (1972), but the burden remains with the petitioner to demonstrate entitlement to the extraordinary writ of habeas corpus. Aside from Meeks' original § 2255 petition, he has submitted numerous other motions to the court seeking to supplement that original petition. The court will not treat these motions as consecutive § 2255 petitions, as the Government has not argued that these supplements constitute an abuse of the writ

as defined by habeas corpus jurisprudence. See generally McCleskey v. Zant, 499 U.S. 467, 470 (1991) (clarifying the "abuse of the writ" doctrine). Thus, the court will consider these supplements along with the original petition.

The court consolidates and interprets Meeks' arguments as: (1) his sentence was improperly calculated; (2) the evidence at trial did not establish a sufficient connection between the acts of the Defendants and interstate commerce, as required by the Hobbs Act; (3) the Hobbs Act counts are jurisdictionally deficient because the Government did not allege the requisite *mens rea* to the grand jury in seeking his indictment; (4) as a private citizen, he cannot be found to have conspired to deprive others of their civil rights, under color of law, in violation of 18 U.S.C. § 241; and (5) multiple allegations of ineffective assistance of counsel.

The Government argues, and the court agrees, that all of these claims, except select ineffective assistance of counsel claims, are procedurally defaulted, and that the ineffective assistance of counsel claims are without merit.

## II. DISCUSSION

### A. Standards Under 28 U.S.C. § 2255:

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. The relief is available only in limited circumstances, such as where an error is jurisdictional or of Constitutional magnitude. The statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2.

Section 2255 petitions are subject to various bars, including that of procedural default. Section 2255 petitions are "'neither a recapitulation of nor a substitute for a direct appeal.'" McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted). Thus, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-Constitutional issues that could have been raised on direct appeal, but were not; and (3) Constitutional issues that were not raised on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir.1994)).

There are two exceptions to the procedural default rule: (1) if the movant demonstrates cause for failing to raise the issue and actual prejudice resulting therefrom; or (2) the court's refusal to consider the Constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. See Belford, 975 F.2d at 313 (collecting authority); see also McCleese, 75 F.3d at 1177-78 (discussing fundamental miscarriage of justice). With these principles in mind, the court examines Meeks' petition.

**B. Petitioner's Arguments for Issuance of the Writ of Habeas Corpus:**

**1. Whether Meeks' sentence calculation was proper:**

Meeks claims that the court erred in calculating his sentence. This issue was the subject of extensive litigation at sentencing in the district court, on appeal, on remand to the district court, and

4

again on appeal, and is not proper for § 2255 relief. See Belford, 975 F.2d at 313. Further, Meeks offers no evidence of changed circumstances or proof of a fundamental miscarriage of justice, and therefore he is entitled to no relief on this ground. See id.

**2. Whether the evidence presented at trial established a sufficient connection between the acts of the Defendants and interstate commerce, as required by the Hobbs Act:**

Meeks argues that the evidence presented at trial did not establish a sufficient connection between the acts of his Co-Defendants (and thus the acts of Meeks as an aider and abettor) and interstate commerce, as required by the Hobbs Act.

In support of the argument that the Defendants' conduct affected interstate commerce, the Government presented evidence at trial showing that: (1) the Defendants' purpose in the attempted robberies was to take drug purchase money from traffickers of cocaine, which is produced outside of Illinois; (2) the Defendants' use of Chicago Police Department vehicles during the attempted robberies would have caused the Chicago Police Department to replace the vehicles through interstate commerce at some point earlier than otherwise necessary; (3) the Defendants made interstate telephone calls while planning the attempted robberies; and (4) the money which the Defendants stole should have been forfeited to the Chicago Police Department, which transacts business in interstate commerce. On appeal, the Defendants, including Meeks, challenged the sufficiency of the evidence supporting the effect on interstate commerce. The Seventh Circuit rejected this challenge, indicating: "The evidence of a connection between the robberies and interstate commerce was at least as strong here as in *United States v. Thomas*, 159 F.3d 296 (7th Cir. 1998) and *United States v. Staszcuk*, 517 F.2d 53 (7th Cir. 1975) (en banc)." Meachum, 182 F.3d 923, 1999 WL 511431, at * 1.

5

*As* indicated, this issue was also the subject of extensive litigation at trial and on appeal, and is not proper for § 2255 relief. See Belford, 975 F.2d at 313. Yet Meeks, like his other Co-Defendants in their respective § 2255 petitions, argues that the United States Supreme Court decisions in United States v. Lopez, 514 U.S. 549 (1995) and United States v. Morrison, 529 U.S. 598 (2000) have altered the interstate commerce element of the Hobbs Act, and thus constitute a changed circumstance warranting consideration on habeas review. However, this argument must fail for two reasons. First, Lopez was decided prior to Meeks' conviction, and is not to be considered a changed circumstance, and thus provides no basis for this court to address that issue. Second, Morrison, while decided after Meeks' conviction, does not alter Lopez, nor does Morrison alter the interstate commerce element of the Hobbs Act. See United States v. Peterson, 236 F.3d 848, 852 (7th Cir. 2001) (holding: "[W]e do not believe *Morrison* undermines our prior holdings that a showing of a *de minimus* effect [on interstate commerce] is constitutionally satisfactory"). In conclusion, the evidence against Meeks and his Co-Defendants established a connection between their conduct and interstate commerce sufficient to justify a conviction under the Hobbs Act. See id.; United States v. Bailey, 227 F.3d 792, 797-99 (7th Cir. 2000).

### 3. Whether the Government sufficiently alleged the requisite *mens rea* to the grand jury in seeking Meeks' indictment:

Meeks argues that the Hobbs Act counts are jurisdictionally deficient because the Government did not allege the requisite *mens rea* to the grand jury in seeking his indictment. The parties, and the appellate record in this case, fail to indicate whether this issue was raised on appeal. Assuming that this issue was not raised on appeal, Meeks fails to show cause for first raising this

6

issue in the instant petition nor proof of a fundamental miscarriage of justice, and therefore he is entitled to no relief on this ground. See Belford, 975 F.2d at 313.

Further, the court has reviewed the sealed transcript of the grand jury proceedings and is satisfied that the Government sufficiently alleged the requisite *mens rea* to the grand jury in seeking Meeks' indictment. Therefore, this argument is without merit, and Meeks suffered no prejudice as a result of failing to raise the issue in his prior appeals.

**4. Whether Meeks, as a private citizen, can be found to have conspired to deprive others of their civil rights, under color of law, in violation of 18 U.S.C. § 241:**

Meeks argues that, as a private citizen, he cannot be found to have conspired to deprive others of their civil rights, under color of law, in violation of 18 U.S.C. § 241. Once again, as to this argument, the parties, and the appellate record in this case, fail to indicate whether this issue was raised on appeal. Assuming that this issue was not raised on appeal, Meeks fails to show cause for first raising this issue in the instant petition nor proof of a fundamental miscarriage of justice, and therefore he is entitled to no relief on this ground. See Belford, 975 F.2d at 313.

Meeks, a civilian, and his Co-Defendants, members of the Chicago Police Department, concocted and carried out a scheme of tracking down drug dealers and robbing them of money and drugs, rather than arresting them. In this scheme, Meeks helped identify and set up drug dealers for his Co-Defendants to rob, abusing their positions as law enforcement officers. As indicated by the United States Supreme Court: "To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." United States v. Price, 383 U.S. 787, 794 (1966). Thus, based on Meeks' role in this scheme, he is deemed to have acted under color of law to deprive others of their civil rights, and his

7

argument to the contrary is without merit based on a long line of jurisprudence including Price and its progeny.

### 5. Whether Meeks received ineffective assistance of counsel:

Meeks raises numerous instances of alleged ineffective assistance of counsel. Once again, as to this argument, the parties, and the appellate record in this case, fail to indicate whether this issue was raised on appeal. The court assumes that this issue was not raised on appeal[1], in keeping with the Seventh Circuit's "oft-repeated admonition that '[t]he preferred method for raising a claim of ineffective assistance of counsel is either by bringing a motion for new trial or a request for collateral relief under 28 U.S.C. § 2255.'" United States v. Woolley, 123 F.3d 627, 634 (7th Cir. 1997 (quoting United States v. Wiman, 77 F.3d 981, 988 (7th Cir.1996)) (footnote omitted). Therefore, a petitioner may properly raise an ineffective assistance of counsel claim for the first time in a § 2255 petition. In fact, the United States Supreme Court recently pronounced: "We hold that an ineffective assistance of counsel claim may be brought in a collateral proceeding under 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, – S.Ct.–, 2003 WL 1916677 (April 23, 2003) (abrogating Guinan v. United States, 6 F.3d 468 (7th Cir. 1993)). The court now addresses Meeks' ineffective assistance of counsel claim. In order to clarify the analysis, the court will consider each alleged instance of ineffective assistance of counsel separately.

Ineffective assistance of counsel claims are governed by the familiar two prong test of Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). A criminal defendant must satisfy both

---

[1]The court notes that during Meeks' first appeal, he filed a motion to remove appellate counsel for ineffective assistance on July 9, 1998. The Seventh Circuit granted this motion on July 14, 1998.

8

prongs of the Strickland test in order to demonstrate ineffective assistance of counsel. See Ashford v. Gilmore, 167 F.3d 1130, 1135 (7th Cir. 1999). First, there must be evidence that counsel's performance was deficient, meaning that it fell below objective standards for reasonably effective representation. See Strickland, 466 U.S. at 687-88. Courts are deferential to counsel's performance, and the court is to presume that counsel's performance "falls within the wide range of reasonable professional assistance." Id. at 689; see also Drake v. Clark, 14 F.3d 351, 355-57 (7th Cir. 1994).

Second, the deficient performance must have prejudiced the defense, meaning that but for the deficient representation, there is a reasonable probability that the proceedings would have had a different outcome. See Strickland, 466 U.S. at 694. The level of prejudice required to succeed under Strickland is high. See Ashford, 167 F.3d at 1134-35. "[A] criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)) (in turn quoting Strickland, 466 U.S. at 687). Strickland prejudice will only be found if the court's confidence in the outcome is undermined as a result of counsel's performance. See Brown v. Sternes, 304 F.3d 677, 691 (7th Cir. 2002); Morris v. United States, 264 F.3d 726, 727 (7th Cir. 2001).

**a. Severance:**

First, Meeks claims that he was denied effective assistance of counsel since neither of his attorneys, at trial and on appeal, raised the issue that his trial should have been severed from his Co-Defendants. However, the Seventh Circuit addressed this issue, stating:

> Joinder was proper under the standards of *Zafiro v. United States*, 506 U.S. 534, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). That there was some tension and finger-pointing

9

in the defenses did not require the judge to grant a severance; having all defendants tried together enables the jury to assess whether the blame-shifting was well founded.

Meachum, 182 F.3d 923, 1999 WL 511431, at * 1.

In the instant petition, Meeks does not challenge the court's jury instructions, nor does he indicate any testimony that was so prejudicial to him so as to warrant the granting of a severance; and without such a showing he cannot indicate that his attorneys' performance was ineffective. Furthermore, Meeks does not show how he was prejudiced; and in order to establish that a severance ought to have been granted, he must demonstrate that the joint trial resulted in actual prejudice, meaning that he "'could not have a fair trial without severance, not merely that a separate trial would offer him a better chance of acquittal.'" United States v. Hughes, 310 F.3d 557, 563 (7th Cir. 2002) (citing United States v. Mohammad, 53 F.3d 1426, 1431 (7th Cir.1995)).

The court's instructions, as given to the jury, were those provided by the Pattern Criminal Federal Jury Instructions for the Seventh Circuit, Instruction 7.04, entitled "Separate Consideration of Charges - Multiple Defendants - Multiple Counts," which states:

> Each count of the indictment charges each defendant named in that count with having committed a separate offense.
> You must give separate consideration both to each count and to each defendant. You must consider each and the evidence relating to it separate and apart form every other count.
> You should return a separate verdict as to each defendant and as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to that defendant under any other count.

Even accepting Meeks' claim that his attorneys failed to raise the issue of severance, these instructions covered any issue that may have been raised as to severance. Further, he has suffered no prejudice in so far as the Seventh Circuit addressed the joinder issue and found joinder to have been proper. See Meachum, 182 F.3d 923, 1999 WL 511431, at * 1. Since Meeks has suffered no

prejudice, the court need not consider the first prong of the Strickland test, and this claim cannot succeed. See United States v. Fudge, – F.3d –, 2003 WL 1844629, at * 11 (7th Cir. April 10, 2003) (citing Matheney v. Anderson, 253 F.3d 1025, 1042 (7th Cir. 2001)) ("If we find that counsel's alleged deficiency did not prejudice the defendant, we need not consider the first prong of the Strickland test.").

### b. Sentencing Calculations

Second, Meeks claims that he was denied effective assistance of counsel since his attorney for the first appeal failed to convince the Seventh Circuit that the district court relied on the Kudaisi robbery in its sentence calculation, and that his attorney for the second appeal improperly conceded that the guideline sentence was correct.

Other than his unsubstantiated assertion, and subjective disagreement, that the guidelines were not properly calculated, Meeks does not show how his appellate attorneys' conduct was deficient. In fact, the advocacy of Meeks' attorney for the first appeal was effective in obtaining a remand in order to clarify the issue. Regardless, the record in this case is overwhelming that the district court did not consider the Kudaisi robbery in calculating Meeks' sentence. See Meeks, 215 F.3d 1331, 2000 WL 748116, at * 1 (affirming the district court's sentence as imposed). In light of the Seventh Circuit's approval of the sentence as imposed, it cannot be argued that Meeks' attorneys' conduct was "outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, or that but for the allegedly deficient representation, there is a reasonable probability that the proceedings would have had a different outcome. See id. at 694.

### c. Hobbs Act - commerce clause issue

Third, Meeks claims that he was denied effective assistance of counsel since none of his attorneys, at trial or on appeal, argued that the Government failed to establish a sufficient connection between the acts of the Defendants and interstate commerce as required by the Hobbs Act.

Once again, Meeks' subjective disagreement with his attorneys as to the requirements of the law does not show that the attorneys' performance fell below that guaranteed by the Sixth Amendment, as announced by Strickland and its progeny. The record in this case clearly supports a connection between the acts of the Defendants and interstate commerce as required by the Hobbs Act. The Seventh Circuit indicated: "The evidence of a connection between the robberies and interstate commerce was at least as strong here as in *United States v. Thomas*, 159 F.3d 296 (7th Cir. 1998) and *United States v. Staszcuk*, 517 F.2d 53 (7th Cir. 1975) (en banc)." Meachum, 182 F.3d 923, 1999 WL 511431, at * 1. In light of the Seventh Circuit's ruling, it cannot be argued that Meeks' attorneys' conduct was "outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, or that but for the allegedly deficient representation, there is a reasonable probability that the proceedings would have had a different outcome. See id. at 694.

## III. CONCLUSION

For the foregoing reasons, the court denies Meeks' petition to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

ENTER:

_Charles R Norgle_
CHARLES RONALD NORGLE, SR. Judge
United States District Court

DATED: 4-28-03